**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4616**

ANTHONY CHATANE WHITE,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:04-cr-00632-HMH-1)

Submitted: March 14, 2019          Decided: March 21, 2019

Before GREGORY, Chief Judge, and MOTZ and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. Elizabeth Jeanne Howard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Anthony Chatane White's supervised release and sentenced him to 24 months' imprisonment. White appeals. His counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether White's sentence is unreasonable due to the district court's failure to explain its reasons for the sentence. White was advised of his right to file a pro se supplemental brief, but he has not done so. We affirm.

A district court must adequately explain a revocation sentence, whether the sentence is above, below, or within the policy statement range. *See United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). But when a defendant objects to an inadequate explanation for the first time on appeal, we review the sentence for plain error. *See United States v. Webb*, 738 F.3d 638, 640-41 (4th Cir. 2013).

White's sentence was within the statutory maximum and the policy statement range of 21 to 27 months' imprisonment, based on his Grade B violations of supervised release and his category VI criminal history. *See* U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (2016). Our review is for plain error because White failed to preserve any objection to the district court's explanation. To establish plain error, White must show "(1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *Webb*, 738 F.3d at 640-41 (internal quotation marks omitted). On plain error review the defendant bears the burden of showing each element of the standard. *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018).

2

Even if we assume the district court erred by failing to explain its sentence, the record does not support a finding of plain error. White's within-range sentence is presumptively reasonable, *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015), and White did not argue in the district court for a different sentence. *See United States v. Lynn*, 592 F.3d 572, 580 (4th Cir. 2010).[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform White, in writing, of the right to petition the Supreme Court of the United States for further review. If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on White.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We note that the district court's judgment includes a finding that White committed a Grade C violation for failure to attend required counseling, despite the fact that the court interrupted White mid-argument to state that it would "rule in [his] favor on that," and later said it had "already ruled" that it would "not hold[] that against him." Though we must affirm because there is no indication that any error affected the court's revocation sentence or White's substantial rights, we note that the district court "may at any time correct a clerical error in a judgment." Fed. R. Crim. P. 36.